Appendix A

United States Courts
Southern District of Texas
FILED

APR 1 5 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

CHINYE MICHAEL ONWUEMENE §
§
versus § CIVIL ACTION NO. _____
§
TEXAS SOUTHERN UNIVERSITY §
§
§
§

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is: CHINYE MICHAEL ONWUEMENE

   Address: 12730 BRANT ROCK DRIVE, APT. 916
   HOUSTON, TX - 77082

   County of Residence: HARRIS

3. The defendant is: TEXAS SOUTHERN UNIVERSITY

   Address: 3100 CLEBURNE STREET
   HOUSTON, TX - 77004

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. The plaintiff has attached to this complaint a copy of the charges filed on 9/8/2013 with the Equal Opportunity Commission.

5. On the date of 1-15-2014, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

   (a) ☐ race

   (b) ☐ color

   (c) ☐ sex

   (d) ☐ religion

   (e) ☒ national orgin,

   the defendant has:

   (a) ☐ failed to employ the plaintiff

   (b) ☒ terminated the plaintiff's employment

   (c) ☐ failed to promote the plaintiff

   (d) ☐ other: _____

   _____

   _____

7. When and how the defendant has discriminated against the plaintiff:

   ~~My~~ Ms. Lavonda Horn, my erstwhile Supervisor displayed contempt of me, my position and responsibilities in discharging my duties to the State. The period was between 2009-2013

8. The plaintiff requests that the defendant be ordered:

   (a) ☐ to stop discriminating against the plaintiff

   (b) ☐ to employ the plaintiff

   (c) ☒ to re-employ the plaintiff

   (d) ☐ to promote the plaintiff

(e) ☐  to _____

_____

_____ and that;

(f) ☒  the Court grant other relief, including injunctions, damages, costs and attorney's fees.

_____
(Signature of Plaintiff)

Address:  12730 BRANT ROCK DR

APT. 916, HOUSTON, TX. 77082

Telephone: 832-301-6386

# UNITED STATES DISTRICT COURT

Complaint.                    For the Southern District of Texas

Plaintiff: Chinye Michael Onwuemene

Defendant: Texas Southern University

I am the Plaintiff and my name is Chinye Michael Onwuemene, an American citizen, born in Nigeria and I currently reside in Harris County at 12730 Brant Rock Drive, Apt. 916, Houston, TX. 77082.

The defendant in this civil law suit is Texas Southern University (TSU) also located in Harris County at 3100 Cleburne Street, Houston, TX. 77004.

The United States District Court for the Southern District of Texas has jurisdiction to hear discrimination cases based on national origin referred by the Equal Employment Opportunity Commission (EEOC). The commission issued me the notice of rights dated 1/15/2013 with case number 460-2013-03849. My initial petition was filed on 9/8/2013.

I was employed by Texas Southern University on May 1st, 2009 as a senior accountant in the Business affairs department and was promoted on July 1st, 2010 to accounting manager. Prior to that I was part of the McConnell Jones Lanier & Murphy LLP team that concluded that audit readiness and augmentation engagement at Texas Southern University for the reporting years 2006, 2007 and 2008 respectively.

My national origin has been a problem for my supervisor, Ms. Lavonda Horn, who was then an associate director, treated me, my position and primary responsibilities to the state with contempt. I was still been viewed as a Nigerian with the associated negative stereotype qualities instead of as an American citizen.

The capital asset reconciliation and certification was my primary responsibility and in the September 2009, I submitted, in a timely fashion, the reconciliation to her for approval for entry, but she did not act on it. She opined that the external auditors would make the adjustment. She did not forward it to them either. The auditors made the entry of the net difference which had me, under her direction, making unsavory adjustments to the point that we certified three months late in January 2010. The certification deadline was October 20th. I also had to endure the underserved compliment of been perceived as incompetent as our State Property Analyst were blunt in their correspondences.

In the following financial years 2010 and 2011, despite my early submissions, we certified late because she did not accord the certification the priority it deserved as my pleadings to have Ms. Shirley Harper, the State Accountant, make the timely entries in the Unified State Accounting System (USAS) were disregarded. The submission of the annual financial report deadline in USAS was November 20th, while the capital asset submission was always a month earlier, on October 20th.

We had a meeting in January 14th, 2011 after the Fy2010 reporting year. It was nothing short of a blackmail session. She alleged that I was running over people to get my job done and I will have myself to blame. The circulating opinion that I was difficult to work with, I did not get along with others was by her assessment true. I believe her comment was "I see that for myself". I told her those generalizations

# UNITED STATES DISTRICT COURT

Complaint.                    For the Southern District of Texas

had no basis as the job was about meeting deadlines though maintaining good working relationship was desirable, it should not be at the expense of job delivery. She affirmed that she got to her position by being laid back. She opined that I had no reason staying late as the annual financial reporting was over. She recommended me going for anger management classes.

On February 17th, 2011, Mr. Thomas Errol, a co- accounting manager was given the associate director of student accounting position. I applied much earlier for the position and I was more experienced, but was not called for an interview due to my lack of public appeal and being a push over as concluded by Ms. Horn in the yearly evaluation meeting of January15th, 2011.

The financial year 2012 was the climax of the display of her contempt. She took leave of absence on October 17th 2012, without any notice to me, as her next in command, which was three days before the certification deadline of October 20th. Ms. Horn approved and posted the depreciation adjustments to the general ledger for the updates. She did not forward the updated trial balance to Ms. Shirley Harper to make the adjustments in USAS. I forwarded the updated trial balance and Statement on October 18th, 2012 via email to Ms. Harper to make the updates and copied Ms. Horn. Ms. Horn replied from her blackberry for the updated balances be disregarded pending her approval. Ms. Harper stopped the update entries. The FY 2012 certification was more complex as it required a three –way agreement between State Property Authority (SPA), the Capital Asset Submission system (CASS) and USAS. SPA and USAS have a twenty four hour update cycle which means that any adjusting entries would be reflected the next day and not immediately. She erroneously affirmed that I changed the Annual Financial Report (AFR) and had no right to do so without prior approval. The issue of protocol was up in the air and not the goal. For some strange reasons, Ms. Harper's entries on Friday as directed by Ms. Horn were not complete. The certification was done belatedly on Monday, October 22nd, 2012 to my greatest displeasure.

I have the correspondences via email. I expressed my disappointment at the perennial difficulties I have faced on account of her contempt for my primary duties to the state. I affirmed that I had apparent authority to act in good faith in her absence from the office to discharge my duties to the state. She affirmed the contrary. All my efforts to ensure timely certification were impeded by Ms. Horn, my supervisor.

As a follow up on this, Ms. Horn Scheduled a meeting on October 22nd, 2012 to discuss what she termed not following office protocol regarding the FY 2012 capital asset certification. I told her that she has been treating me differently and choosing my other subordinates over me on issues. I was an accounting manager with no span of control. She threatened to take away the capital asset responsibilities and concluded that "then, I will have no job". She addressed me in the most contumelious fashion while leveling unfounded accusation for which I gave rebuttals. She said she will be documenting the meeting. I have the recording of the meeting. I promised to file a complaint with the human resources department. I did not fulfill that promise and that was to my detriment, I later discovered.

Prior to this meeting, I had an invitation to attend the talent contest audition for TSU's 85th anniversary celebrations. She was out for lunch so I sent her an email at 1.20pm informing her that I would be attending the audition by 2.00pm. She barred me from attending citing that I did not inform her earlier and I was not using excused time. There was no point in telling her I would use my lunch time as I did

# UNITED STATES DISTRICT COURT
Complaint.             For the Southern District of Texas

Not go for lunch. I did not go, but the email served as a notification pending her approval. She termed it disrespecting her authority.

My posting rights were suspended for fourteen months from May 20th, 2011 to January 25th, 2012 by Ms. Horn over an honest mistake over capital asset journal which had my subordinate Ms. Glenda Wright approving and posting my entries in the absence of Ms. Horn. That was very harsh. Mr. Willie Thomas who used to work under me on capital assets was transferred to the properties department from business

Affairs, so I had to do his job so as to provide the reconciliations timely as his inputs were not forth coming. I created and entered two journals, J005740 and J0057040 for expediency sake and forwarded both to Mr. Thomas to complete so that I can approve and post. I was seen to be the initiator and poster of one of the journals. My explanation was not tenable to her.

I discovered a material misstatement in liability account 2003 in fund 1000 in the FY2012 financial statement after the external auditor's confirmation of balances on November 7th, 2012 and brought it to Ms. Horn's attention. I undertook the reconciliation on February 26th, 2013 and discovered that misstatement had increased from $1.6M to $2.2M and I generated five journals to correct the errors. She declined to approve the journals on the last review and directed me to make entries as she did last year that generated the error. I respectfully declined to be an accomplice in my correspondence of March 4th, 2013. She summoned a meeting on March 6th, 2013 with Mr. Altaf present in which a memo containing allegations of insubordination, been a disruptive influence and a threat to the department amongst others was presented for me to read and sign. I did not sign the document because the allegations were based on prejudice and were false. I told her that she has made my working experience a difficult one over the years and I said "I will take her up on this it, legally" I went to the human resources to lodge my complaint, but I was not attended to.

The mediation meeting of March 7th, 2013 chaired by the HR director, Mr. Brian Dickens was just a travesty of justice as an EAP referral form containing allegations of insubordination, (my respectful decline to make a wrong entry and her false claim that I changed the annual financial report); threat of violence interpreted from my statement of March 6th, 2013, "I will take you up on this, legally"; and tardiness was put before me to sign. Mr. Dickens affirmed that Ms. Horn was chosen to lead the department and not me and it was Ms. Horn's opinion that mattered. I was not surprised as Ms. Horn had been insinuating to all who listened that I wanted her job. This allegation earned me the loathing of most fellow employees and explained the distasteful looks I had been getting in social and work interactions. She used her supervisory position to coerce others in treating me with measured hostility. I was sent home by 3.30pm because I refused to sign the EAP form with that career – destroying allegations. I was terminated twenty four hours thereafter on March 8th, 2013. The letter was sent by email.

I wrote a letter on April 3rd, 2013 to Dr. Rudley, the President of Texas Southern University cataloging my experience.

3

# UNITED STATES DISTRICT COURT

Complaint.                    For the Southern District of Texas

I have discharged my duties with integrity and in the finest traditions of the accounting profession to the school and state. The transition from accounting manager to unemployed has been very painful.

I suffered mental and emotional breakdowns. When I was ready, I could not secure a job. My career advancement plans and credit status are in ruins. I was on unemployment from August 2013 to Dec 2013.

Relief
I seek the court to grant me back pay since March 9th, 2013, damages of $500,000 and reinstatement. Title VII of the civil rights act prohibits discrimination based on national origin which I have suffered due to the conduct of my erstwhile supervisor, Ms. Lavonda Horn.

Name: --------------------------------------------------------------
Address: *12730 BRANT ROCK DR APT-916 HOUSTON, TX-77082*
Signature: *Chuye Onume*
Date: *4/15/2014*

4