**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHINYE MICHAEL ONWUEMENE<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:14-CV-01031 |
| TEXAS SOUTHERN UNIVERSITY,<br>Defendant. | §<br>§<br>§<br>§<br>§ | |

**DEFENDANT TEXAS SOUTHERN UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(5) AND 12(B)(6)**

TO THE HONORABLE JUDGE KEITH P. ELLISON:

Defendant Texas Southern University ("Texas Southern") hereby moves for dismissal of Plaintiff Chinye Michael Onwuemene's claim against it pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and respectfully shows the Court as follows:

## INTRODUCTION

This case arises from Plaintiff Onwuemene's former employment with Texas Southern. Compl. p.4. In his Complaint, Onwuemene asserts a claim based on national origin discrimination in violation of Title VII. Compl. p. 7. As a remedy, Onwuemene seeks back pay, $500,000 in damages, and reinstatement. *Id*. The instant motion requires this Court to determine if it should dismiss Onwuemene's suit in its entirety for defective service and/or failure to state a claim for which relief can be granted.

Onwuemene's nation of origin is Nigeria. Compl. p. 4. Onwuemene began working at Texas Southern on May 1, 2009, as a Senior Accountant in the Business Affairs Department. *Id*. He was subsequently promoted to Accounting Manager in 2010. *Id*.

Onwuemene maintains that his supervisor treated him with contempt because of his national origin. *Id*. Specifically, he complains that (1) his supervisor made him enter adjustments on a capital asset reconciliation which caused a certification to be late and him to be negatively perceived by others;[1] (2) during a meeting his supervisor criticized his intrapersonal skills and indicated he was "difficult to work with;"[2] (3) he was not hired, or even interviewed, for an associate director position on February 17, 2011;[3] (4) he was not authorized to make adjustments in his supervisor's absence;[4] (5) during a meeting his supervisor reprimanded him for not following office protocol;[5] (6) his supervisor denied his request to attend a talent show tryout;[6] (7) his posting rights were suspended for a time;[7] (8) he was reprimanded for insubordination when he disagreed with the propriety of completing the task his supervisor directed him to complete;[8] (9) his supervisor spread untrue rumors about his desire to take her job;[9] (10) he was sent home for refusing to sign an acknowledgment of performance issues during mediation;[10] and (11) he was terminated on March 8, 2013.[11]

On September 8, 2013, Onwuemene filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Compl. p. 1. The EEOC issued a notice of

[1] Compl. p. 4.
[2] Compl. p. 4.
[3] Compl. p. 5.
[4] Compl. p. 5.
[5] Compl. p. 5.
[6] Compl. p. 5.
[7] Compl. p. 6.
[8] Compl. p. 6.
[9] Compl. p. 6.
[10] Compl. p. 6.
[11] Compl. p. 6.

right to sue on January 15, 2014.[12] Onwuemene then filed this lawsuit on April 15, 2014. Complaint.

This Court should dismiss Onwuemene's suit against Texas Southern for the following reasons. ***First***, service on Texas Southern was defective. Onwuemene attempted service of Texas Southern by personally delivering the summons and complaint to Texas Southern's General Counsel. This manner of service does not meet the requirements of Federal Rule of Civil Procedure 4. *See* Proof of Service [Doc. No. 3] (indicating Onwuemene attempted to personally serve Defendant with summons and complaint); FED. R. CIV. P. 4(c)(2). ***Second***, Onwuemene's Complaint fails to state a claim for which relief can be granted because he has not alleged facts establishing the third and fourth prima facie elements of a discrimination claim. Other than conclusory statements that he was discriminated against based on national origin, Onwuemene's Complaint is void of facts that would allow the Court to infer that any violation of Title VII occurred. For all of these reasons, Onwuemene's suit should be dismissed in its entirety.

## ARGUMENTS & AUTHORITIES

### I. Standard For Dismissal Under Rules 12(b)(5) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to challenge the manner or method of service of process. FED. R. CIV. P. 12(b)(5); *See Fogarty v. USA Truck, Inc.*, Civ. A. No. 3:05-CV-1783-M, 2005 WL 3982061, at *6 (N.D. Tex. Dec. 16, 2005). "As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil*,

[12] Onwuemene pleads that the notice of right to sue issued on both January 15, ***2013*** and ***2014***. *Compare* Compl. p. 1 (stating notice issued on 1/15/2014) *to* Compl. p. 4 (stating notice issued on 1/15/2013). For purposes of this motion, Defendant assumes the 2014 date is the accurate date.

S.A., 629 F.2d 1134, 1139 (5th Cir. 1980). If the serving party fails to meet his burden, a district court faced with a Rule 12(b)(5) motion has discretion to either dismiss the action or simply to quash service. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *See also Raburn v. Dae Woo, Inc.*, No. 3:09–CV–1172–G, 2010 WL 743933, at *4 (N.D. Tex. Mar. 3, 2010) (*citing Montalbano* for this rule); *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009) (same). Often dismissal for insufficient service of process is not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the party. *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (explaining that dismissal is only appropriate if "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and should not be granted when the plaintiff has only made one attempt at service of process); *Sherman v. Dallas ISD*, No. 3:10–cv–1146–B–BH, 2011 WL 477500, at *2 (N.D. Tex. Jan. 24, 2011) (*citing Stanga* for this rule); *Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01–CV–2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) ("Indeed, dismissal is not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.") (*citing Stanga* ).

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555). Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (*quoting* FED. R. CIV. P. 8(a)(2)). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, his pleadings must meet this standard. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## II. This Court Should Quash Onwuemene's Insufficient Service Of Process On Texas Southern Because It Failed To Comport With The Requirements Of Rule 4.

Service of process in federal court is governed by Federal Rule of Civil Procedure 4. *Lucky v. Haynes*, No. 3:12–CV–2609–B, 2013 WL 3054042, at *2 (N.D. Tex. June 18, 2013). Rule 4 specifies that a person must be at least 18 years old and not a party to the suit to serve a summons and complaint. FED. R. CIV. P. (c)(2); *accord* TEX. R. CIV. P. 103 ("[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit."). Service of process is defective when it fails to comport with the requirements of Rule 4. *See, e.g.*,

*Bowman v. Sanofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 WL 5083431, at * (W.D. Tex. April 16, 2009) (quashing service that failed to meet requirements of Rule 4).

Here, Onwuemene attempted to effect service by personally delivering the complaint and summons to Texas Southern's General Counsel. *See* Proof of Service [Doc. No. 3]. This service is simply defective. As a party to the lawsuit, Onwuemene is not authorized to effect service on Defendant. FED. R. CIV. P. 4(c)(2); TEX. R. CIV. P. 103. For this reason, this Court should quash the defective service of this suit on Texas Southern.

**III.   This Court Should Dismiss Onwuemene's Complaint For Failure To State A Claim For Which Relief Can Be Granted Because He Fails To Allege Facts Showing The Prima Facie Elements Of A National Origin Discrimination Claim Under Title VII.**

Before filing a Title VII suit, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the purported adverse employment action. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir.1998). Because Texas has an agency for receipt of civil rights complaints (the Texas Workforce Commission Civil Rights Division ("TWC")), and is therefore known as a "deferral state," Title VII expands the period to file a charge with the EEOC to 300 days *if the complainant has filed a timely charge with state agency* authorized to receive such within 180 days of the unlawful act. 42 U.S.C. § 2000e–5(e)(1). An employee's failure to file a timely charge with the EEOC, which allows the agency to investigate and, if appropriate, negotiate a resolution with the employer, bars suit in federal court. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

Title VII prohibits employment discrimination based on national origin. 42 U.S.C. § 2000e–2. To establish a prima facie case of national origin discrimination under Title VII, a

plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

In the context of establishing a prima facie case of discrimination, an adverse employment action means an "ultimate employment decision," such as "hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Title VII does not cover "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003) (*quoting Burger v. Central Apartment Mgmt.*, 168 F.3d 875, 878 (5th Cir. 1999)). An employment action that "does not affect job duties, compensation, or benefits" is not an adverse employment action. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004), abrogated in part on other grounds by *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). Major changes in compensation, duties, and responsibilities constitute ultimate employment actions. *Pegram*, 361 F.3d at 282 n. 8 (*citing Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 770 (5th Cir. 2001)). Allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions. *King v. Louisiana*, 294 F.App'x 77, 85 (5th Cir. 2008) (*citing Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000)).

Here, Onwuemene has failed to plead a national origin discrimination claim that is plausible on its face because he fails to plead facts that establish the prima facie elements of such a claim. For purposes of this motion only, Texas Southern assumes that Onwuemene alleges

facts sufficient to establish that he is a member of a protected class and was qualified for the position he held. *See* Complaint p. 4 (alleging that his national origin is Nigerian and that he held an accounting manager position in the Department of Business Affairs). However, he fails to allege facts meeting the third and fourth prima facie elements of his claim.

Most of Onwuemene's allegations generally focus on unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment[13] which do not constitute actionable adverse employment actions in the discrimination context under Title VII. *See King v. Louisiana*, 294 F.App'x 77, 85 (5th Cir. 2008) (*citing Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000)). Therefore none of these events establish the third prima facie element of his claim.

Only Onwuemene's complaints regarding not being hired for a position in February 17, 2011, and his termination on March 8, 2013, could possibly constitute adverse actions to support a discrimination claim. Compl. pp. 5-6; *See Pegram*, 361 F.3d at 282 n. 8. However, any claim based on Texas Southern's failure to hire Onwuemene for the position on February 17, 2011 is time barred because of Onwuemene's failure to timely exhaust this claim. In order to bring a claim based on that event, Onwuemene needed to file his charge with the EEOC within 300 days[14] of that event's occurrence. *See McClain*, 519 F.3d at 273; Compl. p. 1 (alleging that he

---

[13] Compl. p. 4 (complaining that his supervisor made him enter adjustments which caused a certification to be late and him to be negatively perceived by others; complaining that during a meeting his supervisor criticized his intrapersonal skills and indicated he was "difficult to work with"); *Id*. at p. 5 (complaining that he was not authorized to make adjustments in his supervisor's absence; complaining about a meeting where his supervisor reprimanded him for not following office protocol; complaining about his supervisor's denial of his request to attend a talent show tryout); *Id*. at p. 6 (complaining that his posting rights were suspended for a time; complaining of being reprimanded for insubordination when he disagreed with the propriety of completing the task his supervisor directed him to complete; complaining that his supervisor spread untrue rumors about his desire to take her job; complaining that he was sent home for refusing to sign an acknowledgment of performance issues during mediation).

[14] It is unclear from the pleading if Onwuemene filed a charge with just the EEOC or also with the TWC. Therefore, Defendant assumes, for this motion only, that he filed a charge with both entities such that the longer limitation period would apply to any charge filed by him.

filed his charge on September 8, 2013); Compl. p. 5 (alleging he was not hired for a position on February 17, 2011). Instead, Onwuemene waited nine hundred and thirty four days from that purported adverse event to file a charge. *Id*. Accordingly, the only complained-of event in his Complaint that could meet the third element of his prima facie case is his termination. *See McClain*, 519 F.3d at 273.

However, Onwuemene alleges no facts in his Complaint that show, or even allow the Court to infer, that he was terminated *because* of his national origin. *See generally* Complaint. Nor does he describe any alleged comparator that was treated more favorably under nearly identical circumstances in regard to his termination. *See id*. His "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. Accordingly, Onwuemene fails to establish the fourth prima facie element of a discrimination claim under Title VII. For all of these reasons, Onwuemene's national origin discrimination claim should be dismissed for failure to state a claim for which relief can be granted.

## CONCLUSION

Defendant Texas Southern prays that this Court grant its Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), in its entirety, and dismiss with prejudice, all of the claims described in the foregoing motion. Texas Southern further requests such other relief to which it may be entitled, including, where permitted, attorney's fees and costs.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief, General Litigation Division

***/s/ Amanda J. Cochran-McCall***
AMANDA J. COCHRAN-MCCALL
Texas Bar No. 24069526
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120 PHONE
(512) 320-0667 FAX
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed and served via Electronic Filing Notification System and CMRRR on July 8, 2014:

Chinye Michael Onwuemene
12730 Brant Rock Drive
Apt 916
Houston, TX 77082

*/s/ Amanda J. Cochran-McCall*
AMANDA J. COCHRAN-MCCALL
Assistant Attorney General